ROBERT A. CHAISSON, Judge.
lain this appeal, defendant, Jose Mendez, seeks review of his convictions and sentences for possession of cocaine and possession of a legend drug. For the reasons that follow, we affirm defendant’s conviction for possession of cocaine and his conviction and sentence for possession of a legend drug. With regard to defendant’s enhanced sentence on his possession of cocaine conviction, we amend the sentence to delete the fine and affirm his twenty-five year sentence as amended. Additionally, we grant appellate counsel’s motion to withdraw as attorney of record.

PROCEDURAL HISTORY

On January 17, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession of twenty-eight grams or more, but less than two hundred grams, of cocaine, in violation of LSA-R.S. 40:967(F) (count one), and possession of a legend drug without a prescription, in violation of 13LSA-R.S. 40:1238.1 (count two). At his arraignment, defendant pled not guilty. The matter proceeded to trial before a twelve-person jury on March 12 and 13, 2013. After considering the evidence presented, the jury found defendant guilty as charged on both counts.
The trial court sentenced defendant, on count one, to twenty years imprisonment at hard labor with a fine of $50,000.00, and, on count two, to five years imprisonment at hard labor. The State thereafter filed a *287 multiple offender, bill of information, pursuant to the provisions of LSA-R.S. 15:529.1, alleging that defendant was a second felony offender. After defendant admitted to the allegations in the multiple bill, the court vacated the original sentence on count one and imposed an enhanced sentence of twenty-five years imprisonment at hard labor. The trial court ordered this sentence to be served concurrently with defendant’s sentence on count two and consecutively to defendant’s parole violation time. The court also reimposed defendant’s fine of $50,000.00. Defendant now appeals.

FACTS

In November of 2011, Detectives Julio Alvarado and Donald Clogher of the Jefferson Parish Sheriffs Office were participating in a narcotics investigation of defendant. The officers conducted a three-day surveillance, during which they determined defendant resided on 17th Street in Gretna and drove a black Dodge Ram pickup truck, which was registered in his name. Over these three days, the officers observed defendant driving the truck by himself, except for one occasion in which they observed a female passenger with him. This female passenger was determined to be defendant’s girlfriend, Toni Stein.[1]
| ⅜At the conclusion of this surveillance, search warrants were obtained for defendant’s residence and vehicle. The officers then conducted another period of surveillance over eight days. On the eighth day of this surveillance, December 9, 2011, the officers observed defendant leave his residence on 17th Street in his black pickup truck and proceed to a residence located at 1715 Huey P. Long Avenue in Gretna. Defendant entered this residence and exited five or ten minutes later. He proceeded up the street to a closed gas station at 1624 Huey P. Long Avenue. He entered the gas station empty-handed and exited two minutes later with a white package. From here, defendant returned to the residence at 1715 Huey P. Long Avenue and exited after five minutes. He got back into his vehicle, drove onto the elevated West Bank Expressway, and proceeded across the river into Metairie. Based on their belief that defendant was gathering and transporting illegal narcotics, the officers initiated a traffic stop of defendant on Interstate 10 near Clearview Parkway in order to execute the search warrant that had been issued for his vehicle.
Upon making contact with defendant, Detective Alvarado observed him to be visibly nervous. The detective informed defendant of the narcotics investigation and that he had a search warrant for his vehicle. After advising defendant of his Mirandoi[2] rights in both English and in Spanish, Detective Alvarado asked defendant where he had been that day, to which defendant replied that he had only been at his residence. The detective knew this to be false based upon the surveillance of defendant earlier that day. The detective inquired as to where defendant was going. Defendant stated that he was going to his son’s house, but was unable to provide an address. Defendant was then handcuffed and detained in the police vehicle.
|SA search of the vehicle turned up 56.9 grams of cocaine,[3] 16 Viagra pills, three *288 Boost Motóle cell phones,[4] and several loose keys. A subsequent search of defendant’s person revealed approximately $1,600.00 in cash. Defendant did not deny that the cocaine or the Viagra were his; nor did he have, or claim to have, a prescription for the Viagra.
While Detective Alvarado transported defendant to the detective bureau, Detective Clogher participated in the effort to locate defendant’s “stash” house. Detective Clogher explained that “more elaborate” narcotics dealers, in an effort to separate their narcotics dealings from their personal lives, store, or “stash,” narcotics and proceeds therefrom in a separate location. Detective Clogher proceeded to the gas station at 1624 Huey P. Long Avenue where defendant was seen earlier that day. Upon the officers’ arrival, they were approached by Kenneth Yokum, who identified himself as the owner of the property. Detective Clogher obtained consent from Mr. Yokum to search the property, but no narcotics were found.
The officers then proceeded to defendant’s residence on 17th Street and executed the search warrant they had previously obtained. No contraband was found at defendant’s residence. While there, the officers also encountered and questioned Toni Stein, who initially provided the officers with several false names. Ms. Stein told the officers that defendant dealt cocaine and informed the officers of where he hid cocaine in his truck. In addition, Ms. Stein informed the officers that defendant stored cocaine in a black lockbox which he kept at a residence located at 1715 Huey P. Long Avenue.
|fiAs a result of the information obtained from Ms. Stein, the officers went to 1715 Huey P. Long Avenue, where Detective Clogher again encountered Mr. Yokum, who identified himself as a resident of the property. The detective obtained consent to search the residence, which turned up nothing. The officers also searched the backyard and discovered a black lockbox hidden under a deck by an above-ground pool. Utilizing a key found in defendant’s possession, the officers opened the lockbox to reveal approximately 69 grams of cocaine,[5] $1,263.00 in cash, and Louisiana brake tags.
Following the seizure of these items, Mr. Yokum was transported to the detective bureau where, with a rights of arres-tee form, he was advised of his Miranda rights. Mr. Yokum indicated that he understood his rights, waived them, and provided a recorded statement. In his statement, Mr. Yokum acknowledged that he allowed defendant to store the lockbox at his house but explained that he thought defendant only stored money in it. Further, Mr. Yokum asserted that defendant was at his house earlier that day and walked into the backyard. Mr. Yokum also admitted that he had seen defendant in possession of cocaine in the past. Mr. Yokum was subsequently placed under arrest and charged with possession of cocaine.

ANDERS BRIEF

Defendant’s appointed appellate *289 counsel has filed an Anders[6] brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.[7] As such, he seeks to withdraw as counsel of record.
|7When an Anders brief has been filed, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
Defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Counsel maintains that there were no trial court errors that adversely affected defendant’s right to a fan-trial, that defendant’s conviction was in large part based upon evidence seized with a lawful search warrant, and that defendant’s sentence on the multiple bill, while seemingly excessive, was the result of a negotiated plea deal.
Appellate counsel further asserts that he mailed a letter to defendant notifying him that an Anders brief had been filed and informing him of his right to file a pro se brief. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and of his right to file a pro se supplemental brief. Defendant has filed a pro se supplemental brief raising three issues relating to the sufficiency of the evidence, the violation of his right to confrontation based on the improper admission of evidence, and the trial court’s failure to provide him with an interpreter. Following our review of the record in accordance with Anders, we will address defendant’s arguments.
After an independent review of the record , we agree with appellate counsel that there are no non-frivolous issues to be raised on appeal. A review of the record reflects that defendant’s prosecution was instituted by a properly-filed bill of information. As required, the bill plainly, concisely, and definitely stated the Inessential facts constituting the offense charged and sufficiently identified defendant and the crime charged.
Moreover, as reflected by the minute entries and commitments, defendant appeared at each stage of the proceedings against him. He was present for his arraignment, trial, original sentencing, stipulation to the multiple bill, and multiple offender sentencing. In addition, the jury was properly comprised of twelve jurors, who after deliberations, found defendant guilty as charged on both counts. The record also indicates that defendant filed various pre-trial and post-trial motions. We have reviewed the rulings on these motions and have found no issues that would support an appeal.
Further, the multiple offender proceedings also do not present any issues for appeal. In accordance with LSA-R.S. 15:529.1, defendant was informed of the allegation contained in the bill and was informed of the rights he would waive by stipulating to the bill. A stipulation to a multiple bill bars a defendant from assert *290 ing on appeal that the State failed to produce sufficient proof at the multiple bill hearing. State v. Schaefer, 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
Lastly, other than an error relating to the imposition of a fine which will be addressed in the error patent review, defendant’s enhanced sentence on count one and his sentence on count two do not appear to present any issues for appeal, as they are both within the statutory sentencing ranges. See LSA-R.S. 40:967(F)(l)(a); LSA-R.S. 15:529.1(A)(1); and LSA-R.S. 40:1238.1. In any event, defendant cannot appeal or seek review of his enhanced sentence since it was imposed pursuant to a stipulation in which he was advised of the sentence he would receive. State v. Henry, 08-658 (La.App. 5 Cir. 10/27/09), 27 So.3d 935, 947, writ denied, 09-2485 (La.4/23/10), 34 So.3d 269; LSA-C.Cr.P. art. 881.2(A)(2).
Considering the foregoing, we find that there are no non-frivolous issues for appeal. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and our independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as attorney of record.

ASSIGNMENT OF ERROR NUMBER ONE

In defendant’s first pro se assignment of error, he seems to challenge the sufficiency of the evidence used to convict him. In particular, defendant contends that the evidence offered by the State to meet its burden of proof, namely the hearsay statements of Toni Stein and Kenneth Yokum, was unreliable and insufficient to establish his guilt.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Perkins, 11-162 (La.App. 5 Cir. 12/28/11), 83 So.3d 250, 255. Under the Jackson standard, a review of the record for sufficiency of the evidence does not require the reviewing court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Rather, the reviewing court is required to consider whether any rational trier of fact would have found guilt beyond a reasonable doubt. State v. Jones, 08-20 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240.
ItnIn the present case, defendant was charged with and convicted of possession of twenty-eight grams or more, but less than two hundred grams, of cocaine, in violation of LSA-R.S. 40:967(F)(l)(a). To support a conviction for possession of cocaine under this provision, the State must present evidence establishing beyond a reasonable doubt that: (1) the defendant was in possession of the drug; (2) the defendant knowingly and intentionally possessed it; and (3) the amount possessed was twenty-eight grams or more, but less than two hundred grams, of cocaine. State v. Davis, 09-452 (La.App. 5 Cir. 1/26/10), 31 So.3d 513, 519, writ denied, 10-2201 (La.10/21/11), 73 So.3d 373.
Defendant was also charged with and convicted of possession of a legend drug, in violation of LSA-R.S. 40:1238.1(A), which provides, in pertinent part: “It shall be unlawful for any person to sell, deliver, or possess any legend drug except upon the order or prescription of a physician or *291 licensed health care practitioner as defined in R.S. 40:961(31).” At trial, it was stipulated that Viagra is a legend drug.
The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the substance. A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. In determining whether a defendant exercised dominion and control sufficient to constitute constructive possession, courts have considered the following factors: (1) his knowledge that drugs were in the area, (2) his relationship with the person found to be in actual possession, (3) his access to the area where the drugs were found, (4) evidence of recent drug use, and (5) his physical proximity to the drugs. State v. Kenner, 12-352 (La.App. 5 Cir. 12/11/12), 106 So.3d 1084, 1087. See State v. Tong, 609 So.2d 822, 825 (La.1992) (where the court concluded that the evidence in the case, including defendant’s ownership of the car, the location of the marijuana Inbags on the driver’s side of the vehicle, and the strong odor of marijuana clinging to him when he emerged from the vehicle, was sufficient to conclude that defendant had constructive possession of the drug).
In the instant case, we find that the evidence presented at trial supports both of defendant’s convictions. Detective Alvarado testified regarding the circumstances surrounding the stop of defendant’s truck and the subsequent seizure of evidence. According to Detective Alvarado, after conducting surveillance, the police, on December 9, 2011, initiated a traffic stop of defendant in order to execute the search warrant that had been issued for his vehicle. As a result of the search, the police found 56.9 grams of cocaine in a compartment below the radio and behind the cup holder. In addition, the officers searched the driver’s door map pocket and found a small bottle that contained 16 pills of Viagra. Defendant did not claim to have, nor did he provide the officers with a prescription for the Viagra. In addition, the pill bottle did not have a prescription label on it.
At trial, the testimony of the officers also established that at the time of the stop, defendant was the driver and sole occupant of the truck that was registered in his name. Furthermore, defendant had been observed to be the sole operator, and in all but one instance, the sole occupant, of the truck over eleven days of surveillance. Viewing this evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found beyond a reasonable doubt that defendant was guilty of possession of twenty-eight grams or more, but less than two hundred grams, of cocaine, and of possession of a legend drug without a prescription.
In this assignment, defendant calls into doubt the reliability of the statements of Ms. Stein and Mr. Yokum which were used by the State to meet its burden of proving the elements of the offense at trial. However, these statements were not | ^necessary for the State to meet its burden of proof. Rather, the testimony of the officers was sufficient by itself to establish defendant’s guilt.[8] Accordingly, the arguments raised by defendant in this assigned error are without merit.

*292
ASSIGNMENT OF ERROR NUMBER TWO

In defendant’s second pro se assignment of error, he complains that his right to confront witnesses was violated when the trial court allowed the hearsay statements of Toni Stein and Kenneth Yo-kum.
At trial, during the direct examination of Detective Clogher, the prosecutor’s questions about Ms. Stein’s statement to police elicited only general facts, such as that the police spoke with Ms. Stein, that she was asked about the investigation, and that she answered their questions. Thereafter, on cross-examination, defense counsel, in an apparent attempt to call into question the credibility of Ms. Stein’s statement, elicited the details of the statement. In particular, defense counsel ascertained from the detective that Ms. Stein gave false names, that she admitted to being a cocaine user, that she told police the location of the cocaine in defendant’s truck, and that she had knowledge of the lockbox.
Similarly, as to Mr. Yokum, during the direct examination of Detective Clogher, the prosecutor only asked whether the detective had obtained a statement from Mr. Yokum. Then, on cross-examination, in an apparent attempt to implicate Mr. Yokum and to discredit his statement, defense counsel elicited the details of Mr. Yokum’s statement, such as that he admitted his fingerprints might be on the lockbox and that he had tasted cocaine.
Thereafter, on redirect examination, the prosecutor went into the details of the statements. Prior to asking Detective Clogher about the details of the | ^statements, the prosecutor expressed his surprise that defense counsel had asked about the statements, noting that her line of questioning had now given him the opportunity to go into the contents of the statements. During the redirect examination, defense counsel at no time objected to the prosecutor’s questions regarding the statements of Mr. Yokum or Ms. Stein. In fact, defense counsel articulated that she had no objection to the introduction of Mr. Yokum’s transcribed statement.
Given defense counsel’s questioning of Detective Clogher with regard to the details of the statements and her failure to object to the introduction of the statements, we find that defendant is precluded from complaining about the admission of these statements on appeal. State v. Taylor, 04-346 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595.
We note that even if this Court addressed this issue and found that defendant’s right to confrontation was violated, defendant still would not be entitled to relief on this claim. The Louisiana Supreme Court and this Court have both recognized that a confrontation clause violation is subject to a harmless error analysis. An error is harmless when the guilty verdict was surely unattributable to the error. State v. Vallo, 13-1369 (La.1/10/14), 131 So.3d 835; State v. Jackson, 04-1388 (La.App. 5 Cir. 5/31/05), 904 So.2d 907, 914, unit denied, 05-1740 (La.2/10/06), 924 So.2d 162.
As discussed in the previous assignment of error, a review of the evidence adduced at trial reveals that the State met its burden of proving the elements of the two offenses, even without any reference to Mr. Yokum’s and Ms. Stein’s statements. Accordingly, the arguments raised by defendant in this assigned error are without merit.
| -i ¿ASSIGNMENT OF ERROR NUMBER THREE
In defendant’s third pro se assignment of error, he argues that the trial *293 court erred in failing to provide him with an interpreter.
The appointment of a qualified foreign language interpreter, based on the defendant’s ability to show he is unable to understand the court proceedings in English, is within the sound discretion of the trial court. State v. Castro, 09-887 (La. App. 5 Cir. 5/25/10), 40 So.3d 1036, 1048, writ denied, 10-1323 (La.1/7/11), 52 So.3d 884.
In the instant case, a review of the record reveals that defendant did not claim he was unable to understand English or that he requested an interpreter. In fact, at a pre-trial motion hearing, Detective Alvarado testified that he advised defendant of his Miranda rights in both English and Spanish and that defendant indicated he understood his rights “in both languages.” Thus, since defendant did not request an interpreter and the evidence suggests he understood English, we find that the trial court did not abuse its discretion in failing to appoint an interpreter. This assigned error is likewise without merit.

ERROR PATENT REVIEW

We have reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990), and have identified one error that requires corrective action. When sentencing defendant as a habitual offender, the trial court vacated the original sentence on count one, imposed an enhanced sentence of twenty-five years imprisonment at hard labor, and ordered defendant to pay a fine of $50,000.00 pursuant to his previous commitment. The habitual offender statute, LSA-R.S. 15:529.1, does not authorize the imposition of a fine, but only provides for enhanced sentences relating to the term of imprisonment. State v. Dickerson, 584 So.2d 1140 (La.1991). Accordingly, defendant’s sentence is hereby amended to delete the fine. State v. Baskin, 13-351 (La. App. 5 Cir. 10/30/13), 129 So.3d 614, 624. As amended, defendant’s sentence is hereby affirmed.
For the foregoing reasons, we affirm defendant’s conviction for possession of cocaine and his conviction and sentence for possession of a legend drug. With regard to defendant’s enhanced sentence on his possession of cocaine conviction, we amend the sentence to delete the fine and affirm his twenty-five year sentence as amended. Additionally, appellate counsel’s motion to withdraw is granted.

CONVICTIONS AND SENTENCES, AS AMENDED, AFFIRMED.

.Ms. Stein is referred to as both "Toni” and "Terri” throughout the record. Defendant's pro se brief refers to her as “Toni.” For the sake of consistency, this opinion refers to her as "Toni."

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Detective Alvarado's testimony, as well as the return on the search warrant, indicates that the gross weight of the cocaine seized from defendant’s truck was 56.9 grams. The *288 scientific analysis report shows that the net weight of the cocaine was 55 grams.

. Detective Alvarado explained that drug dealers tend to have more than one cell phone and that Boost Mobile phones allow the user to remain anonymous.

. The scientific analysis report on this substance indicates a gross weight of 69 grams; however, Detective Clogher testified that he believed the gross weight was 71 grams.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. See State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241, 242; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177; and State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990).

. In the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient to support a conviction. State v. Dixon, 07-915 (La.App. 5 Cir. 3/11/08), 982 So.2d 146, 153, writ denied, 08-0987 (La. 1/30/99), 999 So.2d 745.