MARC E. JOHNSON, Judge.
12Defendant, Shayne C. LeBlanc, appeals his conviction and enhanced three-year sentence for aggravated flight from an officer. For the reasons that follow, we affirm.[1]
On June 1, 2012, Defendant was charged with aggravated flight from an officer in violation of La. R.S. 14:108.1(C). After being advised of his Boykin[2] rights, he pled guilty as charged on April 16, 2013. In accordance with the plea agreement, the trial court sentenced Defendant to two years imprisonment at hard labor and imposed a $150 fine and $45 fee for the indigent defender fund.[3] On the same date, the State filed a multiple offender bill of information, alleging Defendant to be a second felony offender. Defendant stipulated to the multiple offender bill. The trial court vacated Defendant’s original sentence and, pursuant to the plea agreement, imposed an enhanced sentence under La. R.S. 15:529.1 of three years imprisonment at hard labor without the benefit of probation or suspension of sentence, again assessing a $150 fine and $45 indigent defender fund fee.
| ¡¡Because Defendant’s conviction was the result of a guilty plea, and resolved without evidentiary hearings, the facts underlying the offense are not fully developed in the record. However, the bill of information alleges that on December 8, 2011, Defendant intentionally refused “to bring a vehicle to a stop, under circumstances wherein human life was endangered, knowing he had been given a visual and audible signal to stop” by an officer who had reasonable grounds to believe that Defendant had committed an offense. During the plea colloquy, Defendant admitted that he had fled from an officer when the officer attempted to pull him over and failed to obey a stop sign and/or a yield sign.
*1024 Appellate counsel’s brief contains no assignments of error and sets forth that it is filed in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241 (per curiam)-, which set forth the procedure appellate counsel should follow when, upon conscientious review ,of a case, counsel finds an appeal would be wholly frivolous.
In the instant case, appellate counsel reviewed the procedural history of the case in her brief. She set forth that, after a review of the record, she has found no non-frivolous issues to present on appeal. Appellate counsel specifically notes that Defendant was fully informed of the legal consequences of entering a guilty plea and was advised, of the sentencing range and the sentence he would receive upon admitting to being a second felony offender. Counsel points out that Defendant is precluded from appealing his sentence, which was imposed pursuant to a plea agreement. Thus, counsel concludes there were no non-frivolous issues to raise on appeal. Accordingly, appellate counsel requests to withdraw from further representation of Defendant. Appellate counsel advised this Court that she notified Defendant of his right to file a pro se brief in this appeal, and we note that this Court sent Defendant a letter by certified mail informing him that an Anders brief Rhad been filed and that he had a right to file a pro se supplemental brief. Defendant chose not to file a pro se brief.
This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our independent review reveals no non-frivolous issues or trial court rulings that arguably support an appeal. Accordingly, Defendant’s conviction is affirmed.
However, we note an error patent with regard to sentencing. In imposing the enhanced sentence under La. R.S. 15:529.1, the trial court vacated the original sentence and imposed an enhanced sentence of three years imprisonment at hard labor, and ordered Defendant to pay a $150 fine pursuant to his previous commitment. The multiple offender statute does not authorize the imposition of a fine, but only provides for enhanced sentences relating to the term of imprisonment. State v. Dickerson, 584 So.2d 1140 (La.1991) (per curiam); State v. Mendez, 13-909 (La.App. 5 Cir. 4/23/14); 140 So.3d 284, 293. Thus, the trial court did not have the authority to impose a fine on resentencing under La. R.S. 15:529.1, despite the provision for a fine in the underlying criminal reference statute. Accordingly, we amend Defendant’s sentence to delete the fine. See Mendez, supra. As amended, Defendant’s sentence is hereby affirmed.
For the foregoing reasons, we affirm Defendant’s conviction for aggravated flight from an officer. We amend his enhanced sentence to delete the $150 fine and affirm his three-year sentence as amended. Additionally, appellate counsel’s motion to withdraw, which has been held in abeyance pending disposition of this matter, is granted.

CONVICTION AND SENTENCE, AS AMENDED, AFFIRMED; MOTION TO WITHDRAW GRANTED.

. This memorandum opinion is issued in compliance with Uniform Rules — Courts of Appeal Rule 2-16.1(B).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

.The indigent defender fund fee is authorized by La. R.S. 15:168.