MURPHY, J.
| defendant, Landis Camp, appeals his conviction for possession of cocaine. For the reasons that follow, we affirm defendant’s conviction, amend his sentence in part, and affirm the sentence as amended. We further grant appellate counsel’s motion to withdraw as attorney of record.
*466 STATEMENT OF THE CASE
On November 18, 2015, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant with possession of cocaine, in violation of La. R.S. 40:967.C. Defendant pled not guilty at his arraignment on November 19, 2015. Defendant’s motion to suppress evidence was denied on February 24, 2016, On March 23, 2016, defendant pled guilty as charged after being advised of his Boykin[1] rights, and he was sentenced to five years at hard labor. The State thereafter filed a multiple offender bill of information that alleged defendant was a second felony offender. On March 23, 2016, defendant stipulated to the multiple bill, his original sentence was vacated, and he was resentenced to seven and one-half years at hard labor without benefit of probation or suspension of sentence. Defendant’s sentence was ordered to be served concurrently with his sentence in Twenty-Fourth Judicial District Court case number 15-7241.[2] Defendant was granted an out-of-time appeal on July 28, 2016, and the instant appeal follows.
FACTS
Because defendant’s conviction was the result of a guilty plea, the underlying facts of the matter were not fully developed at trial. However, at the time of defendant’s guilty plea, the State provided the factual basis that on October 29, 2015, defendant violated La. R.S. 40:967.C by knowingly or intentionally possessing a controlled dangerous substance, specifically cocaine, in Jefferson Parish.
\?ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[3] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[4] The request must be accompanied by “‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (internal citation omitted).
*467 In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the |strial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929, at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
ANALYSIS
Defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Counsel indicates that defendant pled guilty pursuant to a counseled plea agreement and did not reserve the right to seek review of any of the trial court’s rulings under State v. Crosby.[5] Defense counsel also concludes that the record shows defendant was legally competent in his mental capacity throughout the proceedings.[6] Counsel concludes that the plea bargain was advantageous to defendant, and that the trial court’s colloquy was thorough and complete. Appellate counsel has filed a motion to withdraw as attorney of record and has mailed defendant a copy of his brief.[7]
The State asserts that the record shows that prior to defendant’s guilty plea, the district court fully explained to him the rights he was waiving, and defendant haffirmed his understanding. Further, defendant was informed of his right to appeal. The State concludes, therefore, that defendant’s conviction and sentence should be affirmed and that appellate counsel should be allowed to withdraw.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
With respect to both defendant’s guilty plea and his stipulation to the multiple offender bill of information, the record shows that defendant was present, represented by counsel, and properly advised of his rights. Prior to accepting defendant’s guilty plea to possession of cocaine, the trial court entered into a colloquy with defendant wherein the court advised defendant of his BoyMn[8] rights and asked *468 defendant if he understood that he was waiving those rights by pleading guilty. With regard to defendant’s multiple offender rights, the waiver of rights form, in conjunction with the colloquy, indicates that defendant understood that by stipulating to the allegations in the multiple bill, he was giving up his right to plead “not guilty,” his right to a hearing, and his right to remain silent. Defendant was advised of the original and enhanced sentences he would receive if he pled guilty. Defendant’s sentence was in the statutory range for a violation of La. R.S. 40:967.0, as was his sentence as a second felony offender. Furthermore, La. C.Cr.P. art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. Defendant was also properly advised of the time limitations for filing post-conviction relief.
In his pro se brief, defendant asserts that the State failed to present evidence of probable cause at his motion for preliminary examination. As previously noted, defendant did not preserve his right to challenge the trial court’s ruling on this motion pursuant to State v. Crosby, supra, as part of his guilty plea. Nevertheless, |fithe argument lacks merit and is directly contradicted by the record. The minute entry of February 24, 2016, indicates that the State presented evidence at the preliminary examination consisting of a DVD of “Dash and Body Camera Footage,” as well as the testimony of Officer Leroy Victoriano of the Westwego Police Department.
In his supplemental brief, defendant also makes general non-specific references to other potential complaints. All specifications or assignments of error must be briefed pursuant to Uniform Rules, Courts of Appeal, Rule 2-12.4, and the appellate court may consider abandoned any specification or assignment of error that has not been briefed. State v. Caulfield, 10-769 (La.App. 5 Cir. 5/24/11), 67 So.3d 600, 608, writ denied, 11-1395 (La. 3/30/12), 85 So.3d 107. Defendant has effectively failed to brief these potential grievances, and thus, we consider them abandoned.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we affirm defendant’s conviction and sentence and grant appellate counsel’s motion to withdraw as attorney of record.
ERRORS PATENT DISCUSSION
Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. Our review reveals one error in this case which requires correction.
When sentencing defendant as a second felony offender, the trial court ordered him to pay “the fines and fees set forth on the felony schedule of fines and fees.” However, the habitual offender statute, La. R.S. 15:529.1, does not authorize |fithe imposition of a fine. State v. Dickerson, 584 So.2d 1140 (La. 1991). Accordingly, we amend defendant’s enhanced sentence to delete the fine, and as amended, affirm defendant’s habitual offender sentence. State v. Mendez, 13-909 (La.App. 5 Cir. 4/23/14), 140 So.3d 284, 293, writ denied, 14-1085 (La. 1/9/15), 157 So.3d 596.
*469 DECREE
Accordingly, for the reasons provided herein, defendant’s conviction is affirmed and his sentence is affirmed as amended. Appellate counsel’s motion to withdraw as attorney of record is hereby granted.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED AS AMENDED; MOTION TO WITHDRAW GRANTED

. Boykin v. Alabama, 393 U.S. 820, 89 S.Ct. 200, 21 L.Ed.2d 93 (1968).

. Defendant’s appeal from the convictions and sentences in that case is also presently pending before this Court.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

.The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. 338 So.2d 584 (La. 1976).

. Nevertheless, defendant's guilty plea waived his right to challenge his competency on appeal. See State v. Lyons, 13-180, p. 17 (La.App. 5 Cir. 10/9/13), 128 So.3d 407, 415.

, Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed- and that he had until January 13, 2017, to file a pro se supplemental brief. Defendant filed pro se briefs on January 24, 2017, and January 27, 2017.

. Boykin v. Alabama, supra.