LILJEBERG, J.
| defendant appeals his convictions and sentences for two counts of distribution of cocaine within 2,000 feet of a playground. For the following reasons, we affirm defendant’s convictions on both counts and his enhanced sentence on count one. We amend his sentence on count two and affirm the sentence as amended. We also grant appellate counsel’s motion to withdraw as counsel of record.
PROCEDURAL HISTORY
On June 10, 2014, the Jefferson Parish District Attorney filed a bill of information charging defendant, Arthur L. Payne, with two counts of possession with intent to distribute cocaine within 2,000 feet of a playground, in violation of La. R.S. 40:981.3. Defendant entered a plea in ab-sentia of not guilty at his arraignment on June 18, 2014. On February 29, 2016, the State amended the bill of information on both counts to charge defendant with distribution of cocaine within 2,000 feet of a playground, in violation of La. R.S. 40:981.3(A)(1).
Thereafter, on April 27, 2016, defendant withdrew his pleas of not guilty and pleaded guilty to the charges in the amended bill of information. In accordance with the plea agreement, the trial court sentenced defendant to 22½ years imprisonment with the Department of Corrections on count one and to 20 years imprisonment with the Department of Corrections on count two, with both sentences to be served without benefit of probation, parole, or suspension of sentence. The trial court also ordered that defendant’s sentences run concurrently with each other and with his sentences in case numbers 14-2956, 14-6035, and 14-2957.[1]
*893 | pAlso on April 27, 2016, the State filed a multiple bill of information alleging defendant to be a second felony offender on count one, to which defendant stipulated. On the same date, the trial court vacated the original sentence on count one and resentenced defendant under the multiple bill statute to 22½ years imprisonment with the Department of Corrections without benefit of probation or suspension of sentence. The trial court ordered that defendant’s enhanced sentence run concurrently with his sentence on count two and with his sentences in case numbers 14-2956, 14-6035, and 14-2957. Defendant filed an application for post-ponviction relief seeking an out-of-time appeal, which was granted by the trial court.
FACTS
Because defendant pleaded guilty, the facts were not fully developed at a trial. During the guilty plea colloquy, the State provided the following factual basis for the guilty pleas:
[H]ad this matter proceeded to trial, the State was prepared to show that on or about the date listed on the bill of information this defendant, within the 24th Judicial District Court, did violate Louisiana Revised Statute 40:967(C), distribution of cocaine, Judge, and that’s more properly under 40:981.3. That’s distribution of C.D.S. within 2,000 feet of a playground.
The amended bill of information provides that the dates of the offenses were March 20, 2014, for count one and March 21, 2014, for count two.
LAW AND DISCUSSION
Pursuant to the procedure adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objec *894 tion made at trial with a detailed explanation of why the motions,or objections lack merit. The Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its. consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929 at 4, 676 So.2d at 1110. If, after an | independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In the present case, defendant’s appellate counsel asserts that after a detailed review of the'record, she could find no nón-frivolous issues to raise on appeal. Appellate counsel asserts that before defendant changed his pleas from not guilty to guilty, he was fully informed of the legal consequences of doing so by both his trial counsel and the trial court. Further, appellate counsel contends that in addition to the- extensive waiver and plea form filled out by defendant and his trial counsel, an examination of the plea colloquy reveals that the trial court was thorough in explaining and making sure defendant understood the rights he was waiving by pleading guilty. Also, appellate counsel notes that defendant stipulated to the multiple bill of information charging him as a second felony offender, and the trial court completed another colloquy with defendant reviewing his right to a hearing and the sentencing range under the multiple bill.
Appellate counsel has filed a motion to withdraw as attorney of record, in which she states that she has notified defendant that she filed an Anders brief and a motion to withdraw from the case. Appellate counsel also indicates that she informed defendant of his right to file a pro se supplemental brief in this appeal.[4] Defendant has not filed a pro se supplemental brief in this matter.[5]
RAn independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offense charged. It also sufficiently identified defendant and the crime charged. See La. C.Cr.P. arts. 462-466.
The record shows that there are no ap-pealable issues surrounding defendant’s presence. Although defendant did not appear at his arraignment, he filed a “Motion, Affidavit and Order to Waive Defendant’s Presence at Arraignment,” and the trial court granted the motion, allowing defendant to waive his presence and appear through counsel. At the arraignment, defense counsel entered not guilty pleas on *895 defendant’s behalf. Defendant and his counsel appeared at all other crucial stages of the proceedings against him, including the guilty plea hearing and sentencing, - as well as his multiple offender proceedings and enhanced sentencing.
Defendant pleaded guilty in this case. Under both state and federal jurisprudence, it is well-settled that an unqualified guilty plea waives all non-jurisdictional defects occurring prior thereto, and precludes review of such defects by appeal, State v. Johnson, 08-449 (La.App. 5 Cir. 12/16/08), 3 So.3d 17, 19, writ denied, 09-787 (La. 12/18/09), 23 So.3d 932. Because defendant entered unqualified guilty pleas, he waived any non-jurisdictional defects.
The record reveals that defendant filed a motion to suppress identification, which was denied by the trial court. Defendant did not preserve this ruling for appeal under State v. Crosby, 338 So.2d 584 (La. 1976). Although defendant also filed omnibus pre-trial motions, the record does not reflect any rulings on those motions, aside from the motion to suppress identification. Defendant did not ^object to the trial court’s failure to hear or rule on his pretrial motions prior to his guilty pleas. When a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Therefore, defendant’s motions are considered waived.
Next, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
A review of the record reveals ho constitutional infirmity in defendant’s guilty pleas. The record shows that defendant was aware he was charged with and pleading guilty to two counts of distribution of cocaine within 2,000 feet of a playground, in violation of La. R.S. 40:981.3.[6] On the waiver of rights form and'during the guilty plea colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to .confrontation, and his privilege against self-incrimination as required by Boykin v. Alabama, supra. Defendant signed the waiver of rights form indicating that he understood he was waiving these rights by pleading guilty. He also indicated during the colloquy that he understood he was waiving .these rights.
fyDuring his guilty plea colloquy, defendant indicated that his guilty, pleas were knowing, intelligent, free and voluntary, and no promises or threats were made to encourage him to plead guilty. Defendant also indicated during the guilty plea colloquy that he understood his guilty pleas could be used to enhance penalties for any *896 future convictions. He was informed during the colloquy and by means of the waiver of rights form that, on each count, he faced a minimum sentence of two years imprisonment and a maximum sentence of 45 years imprisonment, as well as a $50,000 fine. He was also advised that if his guilty pleas were accepted, the actual sentences imposed would be 22½ years imprisonment on count one and 20 years imprisonment on count two, with both sentences to be served without benefit of probation, parole, or suspension of sentence.[7] Defendant later received these sentences. By signing the waiver of rights form, defendant indicated that he understood the sentences he would receive. After the colloquy with defendant, the trial court accepted defendant’s plea as knowingly, intelligently, and voluntarily made.
A review of the record also reveals no constitutional infirmity in defendant’s stipulation to the multiple bill. The waiver of rights form, in conjunction with the colloquy between the trial judge and defendant, indicates that defendant was advised of his right to a hearing at which the State would have to prove his multiple offender status and of his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing range as a second felony offender as well as the actual sentence that would be imposed. Defendant indicated that he was satisfied with his attorney and that he had not been forced, threatened, or coerced into stipulating to the multiple bill.
Afterward, the trial judge accepted his stipulation to the multiple bill as knowingly, intelligently, freely, and voluntarily made. By stipulating to the | ^multiple bill, defendant waived his right to a hearing and any non-jurisdictional defects. Also, because defendant waived his right to a hearing, he is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing. See State v. Schaefer, 97-465 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
Lastly, defendant’s sentences do not present any issues for appeal. With regard to defendant’s sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46; State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Additionally, this Court has consistently recognized that La. C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Williams, 12-299 (La.App. 5 Cir. 12/11/12), 106 So.3d 1068, 1075, writ denied, 13-0109 (La. 6/21/13), 118 So.3d 406.
In the present case, defendant’s original and enhanced sentences were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea.[8] We also note that the term of defendant’s sentence on each count is within the sentencing range prescribed by statute. See La. R.S. 40:981.3; La. R.S, 40:967(B)(4)(b); and La. R.S. 15:529.1. Moreover, defendant’s plea agreement was beneficial to him in that he received a 22½-year enhanced sentence as a second felony offender, which was the minimum enhanced sentence, when he could have received 90 years. Also, on count two, defen *897 dant received a 20-year sentence, when he could have received 45 years.
1 ¡Appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion. Accordingly, we affirm defendant’s convictions, and we grant appellate counsel’s motion to withdraw as attorney of record.
ERRORS PATENT
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. The following errors were noted.
First, defendant’s original sentence on count one and his sentence on count two were illegal because the trial court did not impose the required fine for each count. Defendant was convicted of violations of La. R.S. 40:981.3. La. R.S. 40:981.3(D)(1)[9] provides, in pertinent part, as follows, “whoever violates a provision of this Section shall be punished by the-imposition of the maximum fine and be imprisoned for not more than one and one-half times the longest term of imprisonment authorized by the applicable provisions of R.S. 40:966 through 970.” La. R.S. 40:967(B)(4)(b) provides that the maximum fine that may be imposed for distribution of cocaine is $50,000.00. Hence, defendant faced a mandatory fine of $50,000.00 on each of his two counts for a total of $100,000.00.
However, only defendant’s sentence on count two is relevant, because his sentence on count one was vacated and he was resentenced pursuant to La. R.S. 15:529.1. The multiple offender statute does not authorize the imposition of a fine but only provides for enhanced sentences relating to the term of imprisonment. State v. Dickerson, 584 So.2d 1140 (La. 1991) (per curiam); State v. Mendez, 13-909 (La.App. 5 Cir. 4/23/14), 140 So.3d 284, 293, writ denied, 14-1085 (La. 1/9/15), 157 So.3d 596.
An appellate court may correct an illegal sentence at any time regardless of whether either party raises the issue. See La. C.Cr.P. art. 882; State v. Campbell, 08-1226 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, 1081, writ denied, 09-1385 (La. 2/12/10), 27 So.3d 842. This authority is permissive rather than mandatory. State v. Cosie, 09-933 (La.App. 5 Cir. 6/29/10), 44 So.3d 314, 321.
In the present case, defendant appears to be indigent, as he is represented by the Louisiana Appellate Project. Accordingly, due to defendant’s indigent status, we decline to correct his illegal sentence by imposing the required fine. See State v. Ventris, 10-889 (La.App. 5 Cir. 11/15/11), 79 So.3d 1108, 1128; State v. England, 09-746 (La.App. 5 Cir. 3/9/10), 38 So.3d 383, 391.
Defendant’s sentence on count two is also illegal due to the restriction of benefits imposed. On count two, defendant was convicted of violating La. R.S. 40:981.3 and sentenced to 20 years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Pursuant to La. R.S. 40:981.3(D)(2) and La. R.S. *898 40:967(B)(4)(b), probation, parole, and suspension of sentence should only have been restricted for the first two years.[10]
When a sentencing error involves the imposition of restrictions beyond what the legislature has authorized in the sentencing statute, the Louisiana Supreme Court has ruled that the appellate courts “should not rely on La. R.S. 15:301.1(A) to correct the error as a matter of law but should correct the sentence on its own | ^authority under La. C.Cr.P. art. 882 to correct an illegal sentence ‘at any time.’” State v. Sanders, 04-17 (La. 5/14/04), 876 So.2d 42 (per curiam).
Accordingly, we amend defendant’s sentence on count two to reflect that only two years of the sentence imposed are to be served without the benefit of probation, parole, or suspension of sentence, and we affirm the sentence as amended. We further order the clerk of the trial court to transmit notice of this amended sentence to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ legal department. See State v. Richard, 12-310 (La.App. 5 Cir. 4/24/13), 115 So.3d 86, 94, writ denied, 13-1220 (La. 12/2/13), 126 So.3d 497.
DECREE
For the foregoing reasons, we affirm defendant’s convictions for two counts of distribution of cocaine within 2,000 feet of a playground, as well as defendant’s multiple offender sentence on count one. We amend the sentence on count two and affirm the sentence as amended. We also grant appellate counsel’s motion to withdraw as counsel of record.
CONVICTIONS AFFIRMED; SENTENCE ON COUNT ONE AFFIRMED; SENTENCE ON COUNT TWO AFFIRMED AS AMENDED; MOTION TO WITHDRAW GRANTED

. Also on April 27, 2016, defendant entered guilty pleas and was sentenced in case numbers 14-2956, 14-6035, and 14-2957. Defendant has filed appeals in this Court in connection with case numbers 14-2956 and 14-6035. In case number 14-2957, defendant pleaded guilty to the misdemeanor offense of possession of marijuana.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 fcer curiam).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. This Court also sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had the right to file a pro se supplemental brief.

. The State has filed a brief in this matter, concurring in appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.

. La. R.S. 40:981.3 was amended in 2010 to expand the drug-free zone from an area within 1,000 feet to within 2,000 feet of any property used for school purposes by any school. In the present case, it is noted that while defendant was charged in the bill of information with two counts of distribution of cocaine within 2,000 feet of a playground, both the guilty plea form and the guilty plea colloquy incorrectly identify the offenses as distribution of cocaine within 1,000 feet of a playground. However, this error requires no corrective action. Because 1,000 feet is necessarily included in 2,000 feet, defendant pleaded guilty to a narrower description of the crime and did not suffer any prejudice by this discrepancy.

. See Errors Patent discussion, infra, regarding the restriction of benefits.

. It is noted that defendant's original sentence on count one was vacated before he was sentenced as a multiple offender.

. At the time of the offenses, this provision was located in La. R.S. 40:981.3(E). Subsection (E) was repealed and Subsection (D) was amended and reenacted by Acts 2014, No. 289, effective May 28, 2014.

. Defendant's original sentence on count one was also illegal due to the restriction of benefits imposed. However, no corrective action is required, as this sentence was later vacated, and defendant was resentenced in accordance with La. R.S. 15:529.1.