CHEHARDY, C.J.
hOn appeal, defendant’s appointed appellate counsel has filed an Anders brief on defendant’s behalf asserting that there is no basis for a non-frivolous appeal. Further, defendant has filed a pro se supplemental brief alleging one assignment of error. For the following reasons, we affirm defendant’s convictions and sentences.
Facts and Procedural History
Because defendant pled guilty, the facts were not fully developed in the record. However, during the guilty plea colloquy, the State provided the following factual basis for the guilty plea:
On April 22nd, 2013, Lashawn Davis, Charlie Gumms, Davante Robertson, and Frankie Hookfin decided they would travel to the Lapalco Apartments with multiple firearms for the purpose of making a violent attack upon Vincent Jones using the firearms in their possession. All four men understood the purpose for their visit to the Lapalco Apartments.
Following their arrival an attack was perpetrated upon the apartment where Vincent Jones was located using an assault rifle and a handgun. Five people were shot during this attack.
Lashawn Davis engaged in conduct that furthered the aims of an enterprise by engaging in a pattern of racketeering activity and conspired with members of the Enterprise to distribute controlled dangerous substances that included cocaine, heroin and marijuana. This conduct which occurred between 2006 and 2015 including participating in the operation of a narcotics distribution network on the Westbank of Jefferson Parish wherein Enterprise members obtained *1214 controlled dangerous substances, including cocaine, heroin and marijuana, from associates and Enterprise members who transported the drugs into the New Orleans-metropolitan New Orleans area. This drug product was then sold on the streets for the profit of Enterprise members.
Members of the Enterprise who engaged in this activity on a daily basis, other than when one or more of them were in jail, included Lashawn Davis, Charlie Gumms, and other persons charged in the indictment.
On February 26, 2016, the Jefferson Parish grand jury indicted LaShawn Davis, defendant-herein, and twenty other co-defendants on thirty criminal counts for acts committed in furtherance of a narcotics distribution network in Jefferson I ^Parish, operated by a street gang known as the “Harvey Hustlers.” Specifically, defendant was charged with eight counts, including one count of racketeering, in violation of La. R.S. 16:1852; one count of conspiracy to distribute cocaine, in violation of La. R.S. 40:979 and La. R.S. 40:967(A); one count of conspiracy to distribute heroin and marijuana, in violation of La. R.S. 40:979 and La. R.S. 40:966(A); and five counts of attempted second degree murder, violations of La. R.S. 14:27 and La. R.S. 14:30.1.
On March 9, 2015, defendant filed motions to suppress evidence, confession, and identification. Defendant pled not guilty to the charged offenses at his arraignment on March 16, 2015.
On November 30, 2015, defendant withdrew his prior pleas of not guilty, and pled guilty as charged. In accordance with the plea agreement, the court sentenced defendant as follows: for racketeering, twenty years imprisonment at hard labor; for conspiracy to distribute cocaine, fifteen years imprisonment at hard labor; for conspiracy to distribute heroin,[1] twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence; and for five counts of attempted second degree murder, twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on each count. The court ordered that all of defendant’s sentences be served concurrently.
That same day, the State filed a multiple offender bill of information on count two alleging defendant to be a second felony offender. After defendant stipulated to the allegations of the multiple offender bill of information, the trial court vacated defendant’s sentence for conspiracy to distribute cocaine, and imposed an enhanced sentence of twenty years imprisonment at hard labor without the benefit of probation or suspension of sentence pursuant to La. R.S. 15:529.1, concurrent with his other sentences.
[iiOn December 28, 2016, defendant filed an application for post-conviction relief requesting an out-of-time appeal, which was granted by the trial court on January 6, 2017. This appeal follows.
Anders brief
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a *1215 brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues-.to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[3] The request must .be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide, the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty - to support their clients’ appeals to the best of th.eir ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988)(quotation omitted).
In Jyles, supra, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Lsupreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are -no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the. court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the. motion and appoint substitute appellate counsel. Id.
Discussion
Defendant’s appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel asserts that, before defendant pled, guilty, he was fully informed of the legal consequences of doing so by both his trial counsel and the trial court. While appellate counsel notes that discovery motions and motions to suppress were filed, the record reflects that neither the State nor defendant posed any objections regarding defendant’s guilty plea., Further, appellate counsel contends that, in addition to the extensive waiver and plea form filled out by defendant and his trial attorney, an examination of the plea colloquy reveals that the trial court was thorough in explaining, and making sure defendant understood the rights he was waiving by pleading guilty and the sentencing ranges for the charged offenses, Appellate counsel notes that defen *1216 dant is restricted from appealing his sentence.
| .^Appellate counsel has filed a motion to withdraw as attorney of record, stating that she filed an Anders brief and that defendant has a right to file his own brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing defendant of his right to file a pro se supplemental brief, which he timely filed with this Court.
The State responds that the brief filed by appellate counsel shows a conscientious and thorough review of the procedural history of the case and that appellate counsel has conformed with and followed the procedures set forth in Anders and Jyles and should be granted permission to withdraw. The State further agrees with appellate counsel that, after a careful review of the record, there are no non-frivolous issues to raise on appeal. The State maintains that defendant was properly charged in a valid bill of indictment, and he was present and represented by counsel at each crucial stage of the proceedings against him.
Further, the State asserts that defendant entered knowing and voluntary pleas of guilty after the trial court conducted a thorough and comprehensive colloquy wherein he was fully informed of the nature of the charges against him, his potential sentencing exposure, and his constitutional rights. Also, the State notes that defendant was informed of his multiple offender rights before he stipulated to being a second felony offender. As such, the State contends that defendant’s convictions, habitual offender adjudication, and sentences should be affirmed.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The indictment properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. See La. C.Cr.P. arts. 462-466. Further, the minute entries reflect that defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty plea, multiple billj^ stipulation, and sentencing. As such, there are no appealable issues surrounding defendant’s presence.
Further, defendant pled guilty in this case. Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Turner, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered unqualified guilty pleas, and therefore, all non-jurisdictional defects are waived.
Although defendant filed several omnibus motions which were not ruled on, the motions are considered waived when a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty. See State v. Corzo, 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Further, as there were no rulings, none were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La. 1976). Thus, no issues were preserved for appeal.
Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[4] colloquy is inadequate, or when a defendant is induced to enter the plea by a *1217 plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
A review of the record reveals no constitutional infirmity in defendant’s guilty pleas. The record reflects that defendant acknowledged reviewing the waiver of rights form with his attorney. The record shows that defendant was aware he was charged with and pleading guilty to a number of felony charges: one count of racketeering, one count of conspiracy to distribute cocaine, one count of |7conspiracy to distribute heroin and marijuana, and five counts of attempted second degree murder.
Further, in the waiver of rights form and by the trial judge during the colloquy, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin v. Alabama, supra. Defendant signed the waiver of rights form, indicating that he understood that he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood those rights.
During his guilty plea colloquy and in his waiver of rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty pleas. Defendant was informed during the colloquy of the minimum and maximum sentences and of the sentences that would be imposed on each count if his guilty pleas were accepted. After the colloquy with defendant, the trial court accepted defendant’s pleas as knowingly, intelligently, freely, and voluntarily made.
A review of the record also reveals no constitutional infirmity in defendant’s stipulation to the multiple bill. The record indicates that defendant reviewed the multiple offender waiver of rights form with his attorney. The waiver of rights form and the colloquy between the trial judge and defendant indicate that defendant was advised of his right to a hearing at which the State would have to prove his multiple offender status and of his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing range as a second felony offender and the sentence that would be imposed. Defendant indicated that he had not been forced or coerced into stipulating to the multiple bill.
Afterward, the trial judge accepted his stipulation to the multiple bill as knowingly, intelligently, freely, and voluntarily made by defendant. By stipulating [s to the multiple bill, defendant waived his right to a hearing and any possible non-jurisdictional defects. Defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple offender adjudication when he waived the hearing. See State v. Schaefer, 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
With regard to defendant’s sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Additionally, this Court has consistently recognized that La. C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Williams, 12-299 (La. App. 5 Cir 12/11/12), 106 So.3d 1068, 1075, writ denied, 13-0109 (La. 6/21/13), 118 So.3d 406. Here, defendant’s original sentences and enhanced sentence were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea.
Even if we were to review defendant’s sentences, they all fall within the sentenc *1218 ing ranges set'forth in the statutes. See La. R.S. 15:1354(A);[5] La. R.S. 40:979;[6] La. R.S. 40:967(B)(4)(b);[7] La. R.S. 14:27(D)(1)(a);[8] La. R.S. 14:30.1(B);[9] and La. R.S. 15:529.1.[10] Moreover, defendant’s plea agreement was beneficial to him because he received midrange sentences for his convictions for conspiracy to distribute heroin and five counts of attempted second-degree murder. Also, on his enhanced sentence, defendant received a twenty-year sentence, which was less than the thirty-year maximum exposure.
Although our review of the record reflects that defendant may have received inadequate information regarding the restriction Of benefits for his enhanced sentence, the omission does not require correction so it does not warrant an assignment of error. Specifically, defendant was not informed that parole was restricted during the first' two years of his enhanced sentence.
The restrictions on parole eligibility imposed on- habitual offender sentences under La. R.S. 15:529.1 “are those called for in the reference statute.” State v. Esteen, 01-879 (La. App. 5 Cir. 5/15/02), 821 So.2d 60, 79 n.24, writ denied, 02-1540 (La. 12/13/02), 831 So.2d 983. When the underlying offense carries a parole restriction, the habitual offender sentence is to likewise be imposed without parole. See State v. Smith, 09-100 (La. App. 5 Cir. 8/25/09), 20 So.3d 501, 509, writ denied, 09-2102 (La. 4/5/10), 31 So.3d 357.
*1219 Here, the trial judge imposed defendant’s enhanced sentence without the benefit of probation or suspension of sentence, pursuant to La. R.S. 15:529.1(G), but did not also restrict parole during the first two years of the sentence as required by La. R.S. 40:967(B)(4)(b). Thus, the trial court imposed an illegally lenient sentence.
However, La. R.S. 15:301.1(A) provides that the statutory restrictions, even if they are not recited at sentencing, are deemed to be contained in the sentence, and are, therefore, statutorily effective. State v. Williams, 00-1725 (La. 11/28/01), 800 So.2d 790, 799. Thus, the omission does not require corrective action. See State v. Young, 13-745, p. 2 (La. App. 5 Cir. 4/9/14), 140 So.3d 136, 140 n.2, writ denied, 14-1002 (La. 12/8/14), 153 So.3d 439. More importantly, this issue did not affect the voluntariness of defendant’s guilty plea or multiple offender stipulation. See State v. Harrell, 09-364 (La. App. 5 Cir. 5/11/10), 40 So.3d 311, writ denied, 10-1377 (La. 2/10/12), 80 So.3d 473.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we will grant appellate counsel’s motion to withdraw as attorney of record by separate Order.
Pro Se Assignment of Error
In his pro se assignment of error, defendant first argues that his appellate counsel should not be allowed to withdraw pursuant to Anders because he claims his counsel did not provide a full analysis of his felony convictions. He contends there were omissions in his appellate counsel’s brief and requests that this Court order counsel to specifically brief whether his conviction and sentence present any non-frivolous ap-pealable issues. Defendant next argues that his guilty plea was invalid as he claims that he asserted his innocence and did not make an admission of guilt. He further avers that he was never advised of the option to plead guilty under Alford,[11] and his guilty plea should not have been accepted over his claim of innocence. He claims that the record only contains a waiver of trial, but no admission of guilt, and that there was no factual basis for the plea.
As discussed above, our review of the record reveals no constitutional infirmity in defendant’s guilty pleas to the underlying charges and in his stipulation Into the multiple offender bill of information. Also, our review supports appellate counsel’s assertion that there is no. basis for a non-frivolous appeal.
Further, with respect to defendant’s claim that he asserted his innocence, we find no merit in that claim. Specifically, the record does not reflect any mention by defendant or his counsel that this was an Alford plea so the following factual basis that the State presented during allo-cution was not required. During the colloquy, the State provided a lengthy factual basis for the charges, namely, defendant’s involvement in various acts of racketeering committed in furtherance of a narcotics distribution network on the Westbank of Jefferson Parish, including conspiracy to distribute cocaine, conspiracy to distribute heroin and marijuana, and five counts of attempted second degree murder, Furthermore, defendant agreed with the factual basis and stated that he was “guilty.”
In sum, we find that there were no non-frivolous appealable issues. Moreover, we find that the record does not reveal any *1220 assertion by defendant of his innocence, but rather an agreement with the State’s factual basis and an admission of guilt. This pro se assignment lacks merit.
Errors Patent
Defendant requests an error patent review, which this Court routinely performs in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990).
Here, the sentencing transcript reflects that defendant’s sentences for conspiracy to distribute heroin and five counts of attempted second degree murder were imposed without benefit of probation, parole, or suspension of sentence, yet neither the commitment nor the uniform commitment order reflect the restriction of benefits.
If a discrepancy exists between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La. 1983). While the statutory restriction |]2of benefits is self-activating,[12] we remand for correction of the commitment and uniform commitment order, and further direct the district court to make the entries in the commitment and uniform commitment order reflecting this change and direct the Clerk of Court to transmit the original of the minute entry to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ legal department. See La. C.Cr.P. art. 892(B)(2); State v. Griffin, 14-251 (La. App. 5 Cir. 3/11/15), 169 So.3d 473, 492.
CONVICTIONS AND SENTENCES AFFIRMED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDERS.

. While defendant was charged with and pled guilty to one count of conspiracy to distribute heroin and marijuana, he was sentenced on conspiracy to distribute heroin only.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

.. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. La. R.S. 15:1354(A) provides, in pertinent , part: "any person who violates any provision of R.S. 15:1353 shall be fined not more than one' million dollars, or imprisoned at hard' labor for not more than fifty years, or both.”

. La. R.S. 40:979 provides:
A. Except as otherwise provided herein, any person who attempts or conspires to commit any offense denounced and/or made unlawful by the provisions of this Part shall, upon conviction, be fined or imprisoned in the same manner as for the offense planned or attempted, but such fine or imprisonment shall not exceed one-half of the longest term of imprisonment prescribed for the offense, the commission of which was the object of the attempt or conspiracy,
B. Any person who attempts or conspires to distribute or possess with intent to distribute any substance classified in Schedule I, as provided for in R.S, 40:963 and R.S, 40:964, which is a narcotic drug (all substances in Schedule I preceded by an asterisk "*") shall, upon conviction, be imprisoned at hard labor for not less than eight nor more than fifty years without, benefit of parole, probation or suspension of sentence and may, in addition, be required to pay a fine of not more than ten thousand dollars.
Defendant’s sentence for conspiracy to distribute heroin falls under the penalty provision of La. R.S. 40:979(B), as heroin is classified as a “Schedule I narcotic drug.

. La. R.S. 40:967(B)(4)(b) provides in pertinent part:
Distribution'.. .[of] cocaine.,, shall be sentenced to a term of imprisonment at-hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars:

. La. R.S. 14:27(D)(1)(a) provides: "If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not less than ten nor more'than fifty years without benefit of parole, probation, or suspension of sentence.”

. La. R.S. 14:30.1(B) provides: "Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence,"

. La. R.S. 15:529.1 provides in pertinent part that upon a second felony' conviction, "the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction,”

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The "best interest” or Alford plea is one in which the defendant pleads guilty while maintaining his innocence. McCoil, 924 So.2d at 1122-1123.

. See Williams, 800 So.2d at 799 and La. R.S. 15:301.1.