STATE OF LOUISIANA

VERSUS

WALTER DJ THOMAS

NO. 20-KA-97

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 19-1509, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

November 04, 2020

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Marc E. Johnson

**AFFIRMED; MOTION TO WITHDRAW GRANTED**
    **SMC**
    **FHW**
    **MEJ**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
>Honorable Paul D. Connick, Jr.
>Thomas J. Butler
>Matthew R. Clauss

COUNSEL FOR DEFENDANT/APPELLANT,
WALTER DJ THOMAS
>Katherine M. Franks

**CHEHARDY, C.J.**

Defendant, Walter D.J. Thomas, appeals his conviction and enhanced ten-year sentence for possession of a firearm by a convicted felon.  For the following reasons, we affirm defendant's conviction and enhanced sentence.  We also grant appellate counsel's motion to withdraw as attorney of record for defendant.

## PROCEDURAL HISTORY

On March 14, 2019, the Jefferson Parish District Attorney filed a bill of information charging defendant, Walter D.J. Thomas, with a single count of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1.  At his arraignment on April 2, 2019, defendant pled not guilty.  Subsequently, the State and defendant each filed various motions.  On August 22, 2019, defense counsel waived the presence of defendant and waived all motions.

On December 9, 2019, defendant withdrew his guilty plea and tendered a plea of guilty as charged.  After conducting a colloquy with defendant, the trial court accepted his guilty plea and sentenced defendant in accordance with the plea agreement to ten years imprisonment at hard labor in the Department of Corrections, with credit for time served to "run concurrent with any other sentence the defendant is presently serving," and imposed a $45 fee for the indigent defender fund.  On the same day, the State filed a multiple offender bill of information alleging defendant to be a second-felony offender.[1]  Defendant stipulated to the multiple bill.  Again, after conducting a colloquy with defendant, the trial court vacated and set aside the original sentence and, pursuant to the plea agreement, resentenced defendant as a second–felony offender under La. R.S. 15:529.1 to ten years imprisonment at hard labor without the benefit of probation,

---

[1] Specifically, the multiple bill alleged that on June 11, 2013, Mr. Thomas pled guilty to the predicate offense of racketeering in violation of La. R.S. 15:1353 in division "J" of the Criminal District Court for the Parish of Orleans, and was sentenced to ten years imprisonment at hard labor.

parole, or suspension of sentence, to run "concurrently with any other sentence the defendant may currently be serving."[2]

On December 17, 2019, defendant filed a *pro se* motion for appeal alleging he was "aggrieved by the conviction and sentence herein on the 9th day of December 2019." The trial court granted defendant's motion on December 20, 2019. That same day, defendant filed a *pro se* Motion for Copies of Verbatim Transcript of Multiple Offender Adjudication and Sentencing Hearing and Multiple Offender Bill of Information. The trial court denied defendant's motion on February 6, 2020. In denying the motion, the trial court noted that although defendant was represented by counsel, the motion was *pro se*, and that the court lacked jurisdiction in the matter.

## FACTUAL BACKGROUND

Because defendant's conviction was the result of a guilty plea and resolved without evidentiary hearings, the facts underlying the offense were not fully developed in the record. Nevertheless, the bill of information alleges that on or about January 25, 2019, Mr. Thomas, having previously been convicted as a felon, was found in possession of a firearm in violation of La. R.S. 14:95.1. During the plea colloquy, the State provided the following factual basis:

> If the State would have gone forward in Case Number 19-1509, the State would have proven beyond a reasonable doubt the defendant, Walter D.J. Thomas, on or about January 25th, 2019 in Jefferson Parish violated Louisiana Revised Statute 14:95.1; that he did have in his possession a firearm, to wit, a Kimber nine millimeter pistol and had previously been convicted of the crime of possession of cocaine, twenty-eight to two-hundred grams in violation of Louisiana Revised Statute, 40:967(F), the crime of [possession with intent to distribute] marijuana in violation of Louisiana Revised Statute 40:966(A) 2 and the crime of illegal carrying of a

---

[2]     The record reflects that the trial judge originally ordered defendant's sentence to be served without benefit of probation or suspension of sentence. However, after an off-the-record bench conference, the trial judge clarified that the sentence was without benefit of probation, parole, or suspension of sentence. Additionally, the trial court recommended that defendant be allowed to participate in any and all self-help programs while incarcerated.

weapon and [possession of a controlled dangerous substance] in violation of Louisiana Revised Statute, 14:95(E), all under Case Number 504-249, Division C, Orleans Parish, Criminal District Court.

## ANDERS BRIEF

Under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[3] appointed appellate counsel filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.  Accordingly, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed counsel requests permission to withdraw as counsel of record.

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[4]  The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw."  *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).

In *Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection

---

[3]     In *Bradford*, *supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

[4]     The United State Supreme Court reiterated *Anders* in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id.*

## LEGAL ANALYSIS

In the present case, defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. She avers that the bill of information properly charged defendant, and that he was fully informed of the legal consequences of changing his plea by his attorney and completed the requisite forms advising him of his rights before entering a guilty plea. Appellate counsel further asserts that the trial court explained to defendant the rights necessary to ensure a knowing and intelligent waiver of rights, stated the maximum penalty defendant faced, and obtained a factual basis for the charge. Appellate counsel argues that, as it pertains to the habitual offender charge, the trial court advised defendant that he had the right to a hearing and to require the State to prove the allegations contained in the multiple bill, but did not specifically

inform him that he had the right to remain silent at the hearing. Appellate counsel states, however, that defendant was advised of this right by the form that he, his attorney, and the trial judge signed. Appellate counsel also asserts that defendant was advised that he had the right to a hearing on the charges and to require the State to prove the allegations contained in the bill.

Appellate counsel notes that the trial court reviewed with defendant the sentence it would impose as a result of his guilty plea to the underlying offense and informed him that it would vacate the sentence and resentence him as a second-felony offender to ten years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Appellate counsel asserts that defendant was thereafter sentenced in accordance with the plea agreement to ten years imprisonment at hard labor, but states that the sentence is illegally lenient as it was imposed with benefit of parole, probation, or suspension of sentence. Appellate counsel argues that such error, however, was not prejudicial because the sentence was vacated and a legal sentence was thereafter imposed. Counsel further states that both the plea form and the colloquy confirm that the final sentence would be served without benefit of parole, probation, or suspension of sentence.[5] Appellate counsel further states that defendant stipulated to the multiple bill, the trial judge vacated his sentence, and defendant was then resentenced. According to appellate counsel, defendant was twice informed by the trial court of the time delays for filing an appeal and for filing an application for post-conviction relief.

---

[5]    Appellate counsel states that the "trial judge noted the error in the initial sentence following sentencing." However, the transcript indicates that the trial judge specifically stated, "In terms of the multiple bill, the Court noted that the sentence is to be served without benefit of probation or suspension of sentence. The 14:95.1 mandates that the sentence be served without benefit of probation, parole or suspension of sentence, for clarity of the record." It appears that at the time the trial judge stated this, he was discussing the multiple bill and, thus, necessarily was referring to the restrictions contained in the statute of the underlying offense. *See State v. Bruins*, 407 So.2d 685, 687 (La. 1981) (wherein the supreme court stated that the conditions imposed on a multiple offender are those set forth in the statute of the underlying offense.).

The State contends that appellate counsel has correctly asserted that this case presents no non-frivolous issues for appellate review. The State notes that defense counsel was present and waived defendant's presence at the time that motions were waived. The State further asserts that defendant's original sentence was illegally lenient as it did not include a mandatory fine. However, the State argues that the error became moot when the trial court vacated the initial sentence and resentenced defendant as a multiple offender. The State further notes that this Court has often declined to remand cases to impose a mandatory fine when the defendant is indigent and, on appeal, is represented by the Louisiana Appellate Project, which provides appellate legal services for indigent criminal defendants in non-capital felony cases. It further responds that the trial court conducted a *Boykin*[6] colloquy with defendant and explained the rights he was waiving by pleading guilty. The State avers that defendant also executed a *Boykin* form. It asserts that the trial court further explained to defendant the maximum sentence allowed under the statute and the sentence to be imposed, and the time limitations for appeal and post-conviction relief. The State avers that appellate counsel has "cast an advocate's eye" over the record and determined there were no non-frivolous issues to raise on appeal. It also asserts that appellate counsel conformed with and followed the procedures set forth in *Anders* and *Jyles* and should be granted permission to withdraw.

Appellate counsel filed a motion to withdraw as attorney of record which states that after a conscientious and thorough review of the trial court record, she finds no non-frivolous issues to raise on appeal and no ruling of the trial court that arguably supports the appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an *Anders* brief had been filed and that he had a right to file a *pro se* supplemental brief. Defendant chose not to file a *pro se* brief.

_____

[6]     *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the record. Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues or trial court rulings that arguably support an appeal.

The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offense. It also sufficiently identified defendant and the crime charged. *See generally* La. C.Cr.P. arts. 464-466. Further, the record shows that there are no appealable issues surrounding defendant's presence. The minute entries reflect that defendant appeared at each stage of the proceedings against him. He attended his arraignment, guilty plea proceeding, sentencing, and his multiple bill proceeding, including his stipulation and his enhanced sentencing. As such, defendant's presence does not present any issues that would support an appeal.

Defendant pled guilty as charged to the bill of information and he stipulated to being a second-felony offender as alleged in the multiple bill. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Additionally, an unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. *See Schaefer*, 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304.

The record indicates the defendant filed several pre-trial motions, including a motion to suppress, which do not appear to have been ruled upon prior to the time he entered his guilty plea. When a defendant does not object to the trial court's failure to hear or rule on a pre-trial motion prior to pleading guilty, the

motion is considered waived. *See State v. Corzo*, 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Defense counsel explicitly waived all motions before defendant entered a guilty plea. Thus, no rulings were preserved for appeal under the holding in *State v. Crosby*, 338 So.2d 584 (La. 1976).

Our independent review of the record revealed no irregularities in defendant's guilty plea that would render it invalid. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin* colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. *Id.*

Our review of the record confirmed that defendant was aware he was pleading guilty to possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. On the waiver of rights form and during the guilty plea colloquy, defendant was advised of his right to a jury trial,[7] his right to confrontation, and his privilege against self-incrimination as required by *Boykin*, *supra*. Defendant acknowledged that he had reviewed the waiver of rights form with his attorney and that the form bore his signature. Defendant placed his initials next to individual advisals of his rights and placed his signature at the end of the form indicating that he understood he was waiving these rights. He also articulated to the trial court during the colloquy that he understood he was waiving his rights by pleading guilty.

Additionally, during the colloquy and by means of the waiver of rights form, defendant was advised of his right to be presumed innocent until the State proved his guilt beyond a reasonable doubt, to present testimony or evidence favorable to

---

[7] Defendant was also advised that he had a right to a judge trial.

him, and to appeal any verdict of guilty that could be returned against him at trial; he was advised of his waiver of those rights by pleading guilty. Also, defendant was informed that his guilty plea could be used to enhance penalties for future convictions. Defendant indicated that he was satisfied with the way his attorney and the trial court handled his case. He also confirmed that he understood the possible legal consequences of pleading guilty and that he had not been forced, coerced, or intimidated into entering his guilty plea. After his colloquy with defendant, the trial judge accepted defendant's plea as knowingly, intelligently, and voluntarily made.

La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty and the maximum possible penalty. "Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." La. C.Cr.P. art. 556.1(E). Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of *Boykin* violations are subject to harmless error analysis. *State v. Guzman*, 99-1528, 99-1753 (La. 5/16/00), 769 So.2d 1158, 1164-66; *State v. Gilliam*, 01-748 (La. App. 5 Cir. 1/15/02), 807 So.2d 1024, 1027, *writ denied*, 02-512 (La. 11/1/02), 828 So.2d 562. The Louisiana Supreme Court has clearly held that the core *Boykin* constitutional requirements have never been extended to include advice with respect to sentencing. *Guzman*, 769 So.2d at 1164. Further, an advisement of the agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. *State v. Martin*, 17-558 (La. App. 5 Cir. 3/14/18), 242 So.3d 1236, 1239. In determining whether a violation of Article 556.1 is harmless, the inquiry is whether the defendant's knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty. *Gilliam*, 807 So.2d at 1027.

In the case *sub judice*, defendant was informed by the waiver of rights form of the potential minimum and maximum sentence, including fines, he faced and the actual sentence that would be imposed if his guilty plea was accepted.[8] Further, defendant was informed during the colloquy of the potential maximum sentence and fine and was told the actual sentence he would receive. However, the record reflects defendant was not advised either during the colloquy or by the waiver of rights form as to the mandatory restriction of benefits he faced.[9] *See* La. R.S. 14.95.1(B).

We find the trial court's failure to advise defendant as to the restriction of benefits did not affect the voluntariness of his guilty plea. In *State v. Harrell*, 09-364 (La. App. 5 Cir. 5/11/10), 40 So.3d 311, 323-24, *writ denied*, 10-1377 (La. 2/10/12), 80 So.3d 473, the defendant argued that his plea on count three was not knowing and voluntary because the trial court failed to advise him that the first five years of the sentence had to be served without benefit of probation, parole, or suspension of sentence.[10] On appeal, this Court found that the trial court's failure in this regard did not render the defendant's guilty plea unknowing or involuntary. We noted that the trial court advised the defendant of his *Boykin* rights, that the defendant indicated his willingness to plead guilty throughout the plea colloquy, that the defendant acknowledged that he had discussed the guilty plea with his attorney and that he still desired to plead guilty, and that the defendant received a substantial benefit for pleading guilty. *Harrell*, 40 So.3d at 324. *See also State v.*

---

[8] Pursuant to La. R.S. 14:95.1(B), defendant faced a sentence of imprisonment at hard labor for not less than five nor more than twenty years without benefit of probation, parole, or suspension of sentence and a fine of not less than one thousand dollars not more than five thousand dollars. Defendant was accurately informed of the minimum and maximum sentence he faced as well as the minimum and maximum fine that could be imposed.

[9] In addition to failing to inform defendant of the restriction of benefits before accepting the guilty plea, the trial court failed to restrict benefits when the sentence was imposed. *See* Error Patent discussion, *infra*, regarding the restriction of benefits.

[10] Unlike in the instant case, the defendant in *Harrell* was sentenced to a term of imprisonment without benefit of probation, parole, or suspension of sentence, as required by La. R.S. 14:95.1(B).

*Reynard*, 17-375 (La. App. 5 Cir. 12/13/17), 234 So.3d 238, 243, wherein this Court, after looking at the same factors as discussed in *Harrell*, found that the trial court's failure to advise the defendant that part of his sentence on one count was to be served without benefits did not render his guilty plea unknowing or involuntary.

Here, the record, in its entirety, supports a finding that defendant was advised of his *Boykin* rights and that he indicated his willingness to plead guilty throughout the plea colloquy. Further, the record reflects that defendant acknowledged that he discussed his guilty plea with his attorney and that he still desired to plead guilty. Finally, we find defendant received a benefit for pleading guilty in that he was multiple billed as a second-felony offender rather than a third-felony offender. Accordingly, we find the trial court's failure to advise defendant that his original sentence was without benefit of probation, parole, or suspension of sentence did not render his guilty plea unknowing or involuntary.

Our review of the record also reveals no constitutional infirmity in defendant's stipulation to the multiple bill.[11] The record shows that defendant reviewed the multiple offender waiver of rights form with his attorney. The waiver of rights form and the colloquy between the trial court and defendant indicate that he was advised of his right to a hearing at which the State would have to prove his multiple offender status, and of his right to remain silent throughout the hearing.

Defendant was informed during the colloquy and by the waiver of rights form of the maximum sentence he faced and the actual sentence he would receive if his stipulation was accepted. The waiver of rights form contains the sentencing range, including the minimum and maximum sentence defendant faced, and the sentence to be imposed. At the commencement of the colloquy regarding the

---

[11]    *See State v. Moore*, 12-102 (La. 5/25/12), 90 So.3d 384 (*per curium*), where the Louisiana Supreme Court suggested that "a habitual offender hearing should not be considered part of the record for purposes of error patent review and that a defendant must assign as error any perceived defect in the proceedings to preserve appellate review of the claimed error."

multiple bill, defendant indicated that he reviewed the waiver of rights form with his attorney and that he signed the form. Defendant further indicated that no threats had been made to encourage him to stipulate to the multiple bill.

Subsequently, the trial court concluded that defendant had made a knowing, intelligent, free, and voluntary act of tendering his stipulation, and accepted it. By stipulating to the multiple bill, defendant waived his right to a hearing and to any possible non-jurisdictional defects. Consequently, defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing when he waived such a hearing. *See Schaefer*, *supra*.

Finally, defendant's sentence does not present any issues for appeal. Specifically, defendant's original sentence and enhanced sentence are within the sentencing ranges prescribed by the statutes.[12] *See* La. R.S. 14:95.1(B);[13] La. R.S. 15:529.1(A)(1).[14] Further, defendant's original and enhanced sentences were

---

[12] *See* Error Patent Discussion, *infra*, regarding the imposition of a sentence without the restriction of benefits and without the mandatory fine in reference to defendant's original sentence.

[13] The law in effect at the time of the offense is determinative of a defendants' punishment, including habitual offender proceedings. *State v. Lyles*, 19-203 (La. 10/22/19), 286 So.3d 407, 409. La. R.S. 14:95.1(B) stated at the time of Mr. Thomas' offense:

> Whoever is found guilty of violating the provisions of this Section shall be imprisonment at hard labor for not less than five nor more than twenty years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars. Notwithstanding the provisions of R.S. 14:27, whoever is found guilty of attempting to violate the provisions of this Section shall be imprisoned at hard labor for not more than seven and one-half years and fined not less than five hundred nor more than two thousand five hundred dollars.

[14] La. R.S. 15:529.1(A)(1), as in effect at the time of Mr. Thomas' offense, provided:

> A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
>
> (1) If the second felony is such that upon a first conviction the offender would be punishable imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction.

imposed pursuant to, and in conformity with, the plea agreements. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. *State v. Moore*, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46; *State v. Washington*, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Likewise, this Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. *State v. Robinson*, 15-661 (La. App. 5 Cir. 2/24/16), 186 So.3d 1269 (citing *State v. Bolton*, 02-1034 (La. App. 5 Cir. 3/11/03), 844 So.2d 135, 142, *writ denied*, 03-1159 (La. 11/14/03), 858 So.2d 417); *State v. Dickerson*, 11-236 (La. App. 5 Cir. 11/15/11), 80 So.3d 510, 520-21.

In the instant case, defendant's ten-year sentence was imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea and falls within the sentencing range set forth in the statute. Additionally, defendant's plea agreement was beneficial to him in that he would be billed as a second-felony offender instead of a third-felony offender.

Appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and this Court's independent review of the record supports counsel's assertion. Accordingly, we affirm Mr. Thomas' conviction and enhanced sentence as a second-felony offender and we grant appellate counsel's motion to withdraw as attorney of record.

## ERROR PATENT DISCUSSION

Defendant requests an error patent review. This Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir.

1990) regardless of whether defendant makes such a request. Our review reveals no errors patent in this case that require corrective action.

Defendant received an illegally lenient original sentence. La. R.S. 14:95.1 requires that the sentence imposed be served without benefit of probation, parole, or suspension of sentence. Here, the record reflects that defendant's original sentence was not imposed with the restriction of benefits. La. R.S. 15:301.1(A) provides that the statutory restrictions, even if they are not recited at sentencing, are deemed to be contained in the sentence, and are, therefore, statutorily effective. *State v. Davis*, 17-81 (La. App. 5 Cir. 6/29/17), 224 So.3d 1211, 1219. Further, the trial court vacated the sentence prior to resentencing defendant as a second-felony offender and any issues pertaining to the original sentence are not moot.

Additionally, defendant's original sentence was also illegally lenient in that it was imposed without the mandatory fine of "not less than one thousand dollars nor more than five thousand dollars" pursuant to La. R.S. 14:95.1. Appellate courts have the authority to correct an illegally lenient sentence at any time, even if the defendant has entered into a plea bargain and is negatively affected by the correction. *State v. Campbell*, 08-1226 (La. App. 5 Cir. 5/26/09), 15 So.3d 1076, 1081, *writ denied*, 09-1385 (La. 2/12/10), 27 So.3d 842. The Louisiana Supreme Court has held that an appellate court has the authority under La. C.Cr.P. art. 882 to correct an illegally lenient sentence at any time, even if the issue of an illegal sentence was not raised by the defendant or by the State. *Id.* This Court has used that authority to notice the failure of the trial court to impose a mandatory fine and the authority to remand the matter to the trial court for imposition of a mandatory fine. However, often in indigent defender matters, this Court has decided not to use this authority. *Id.*

In *State v. Horton*, 09-250 (La. App. 5 Cir. 10/27/09), 28 So.3d 370, 376, this Court declined to remand the matter for imposition of the mandatory fine due

to the defendant's indigent status. There, we noted that the defendant was represented by the Louisiana Appellate Project, which provides appellate services for indigent criminal defendants in non-capital felony cases. *See also State v. McGee*, 09-102 (La. App. 5 Cir. 9/29/09), 24 So.3d 235, 241-43, wherein this Court concluded that the defendant appeared indigent because he was represented by the Louisiana Appellate Project and then refrained from exercising our authority to correct the illegally lenient sentence that was imposed without the mandatory fine since the defendant's sentence resulted from a guilty plea.

In the present case, defendant pled guilty and also appears indigent as reflected by his representation in this matter by the Louisiana Appellate Project. Though we find that defendant's sentence was illegally lenient because the mandatory fine was not imposed, we decline to disturb defendant's sentence. *See State v. England*, 09-746 (La. App. 5 Cir. 3/9/10), 38 So.3d 383, 391, where this Court declined to correct the defendant's illegally lenient sentence because the defendant was sentenced pursuant to a guilty plea and was indigent. Moreover, because the trial court vacated defendant's original sentence prior to resentencing him as a second-felony offender, any issues pertaining to the original sentence are now moot. *See Hanson*, 778 So.2d at 45.[15]

## DECREE

For the foregoing reasons, we affirm defendant's conviction for possession with a firearm by a convicted felon and enhanced sentence as a second-felony offender. We also grant appellate counsel's motion to withdraw as counsel of record.

**AFFIRMED; MOTION TO WITHDRAW GRANTED.**

---

[15] In resentencing defendant, the trial court properly did not impose a fine. *See State v. LeBlanc*, 14-323 (La. App. 5 Cir. 11/25/14), 165 So.3d 1022, 1024, wherein this Court held that the multiple offender statute does not authorize the imposition of a fine, but only provides for enhanced sentences relating to the term of imprisonment.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 4, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-KA-97

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
MATTHEW R. CLAUSS (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          KATHERINE M. FRANKS (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053